IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **BRIAN PAULUS,** )<br>)<br>**Plaintiff,** )<br>) CV No.:_____<br>**v.** )<br>)<br>**UNUM LIFE INSURANCE** )<br>**COMPANY OF AMERICA,** )<br>)<br>**Defendant.** ) | |

## COMPLAINT

**COMES NOW** the plaintiff, Brian Paulus, and files this Complaint for long-term disability benefits, per a contractual agreement with Unum Life Insurance Company of America. In support of his Complaint, Plaintiff shows this Court the following:

### Jurisdiction and Venue

1. This court has subject matter jurisdiction pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*, including 29 U.S.C. § 1132(a)(1)(B). Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b).

### Parties

2. Plaintiff Brian Paulus is a citizen of the United States and resident of the state of Alabama. At all times material to this lawsuit, Plaintiff was over the age of nineteen (19) and a resident of this judicial district.

3. Plaintiff Brian Paulus is a disabled individual who was formerly employed by Caliber Home Loans, Inc., as a sales team manager and is eligible for group benefits under a plan provided by his former employer. The agreement for coverage, together with its associated documents and contract between Unum Life Insurance Company of America and plaintiff's employer constitute an employee welfare benefit plan as the term is used in the Employee Retirement Income Security Act, 29 U.S.C. § 1002(1).

4. Defendant Unum Life Insurance Company of America ("Unum") is a foreign corporation conducting business within this judicial district and division. Unum serves as an ERISA fiduciary and/or plan administrator providing benefits for the plaintiff in the state of Alabama and is otherwise doing business in this federal district.

## Claim History

5. Beginning January 1, 2021, Plaintiff was eligible for coverage under a long-term disability plan administered by Unum. Unum is a fiduciary holding sole responsibility for making benefit decisions related to the plan.

6. Under the plan, Plaintiff was eligible to receive a monthly benefit of 60% of his monthly earnings (not exceeding $10,000) per month, less any deductible sources of income, until age 65, but not less than 5 years.

7. Under the plan, you are disabled when:

- You are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and
- You have 20% or more loss in your indexed monthly earnings due to the same sickness or injury.

After 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training, or experience.

8. The plan excludes coverage for disabilities caused by, contributed to by, or resulting from a pre-existing condition.

9. Plaintiff became totally disabled, per the definitions set forth in the plan, in or around March 2021. Plaintiff's disability is the result of physical and mental conditions including, but not limited to, neuropathy, altered mental status, and cognitive deficits.

10. On or about June 21, 2021, plaintiff filed a claim for long-term disability benefits.

11. On or about July 21, 2021, Unum denied plaintiff's claim on the basis that plaintiff's disability was the result of a pre-existing condition.

12. Subsequently, plaintiff appealed the denial of his claim for long-term disability benefits.

13. On July 13, 2022, Unum upheld the denial of plaintiff's claim for benefits.

14. As a part of his claim and appeal process, Plaintiff has submitted documentation from his physicians detailing the severity of his impairment. The documentation shows that his health conditions are of such severity that he is unable to sustain full time employment in any capacity and that he is disabled under the Unum policy.

15. Plaintiff remains unable to work in any type of occupation, and has exhausted all available administrative remedies.

**Count I:  Violations of the Employee Retirement Income Security Act**

16. Plaintiff incorporates the previously numbered paragraphs as if fully set out herein.

17. This claim is brought under 29 U.S.C. § 1132(a)(1)(B) and seeks to recover long-term disability benefits, damages, and attorney's fees as may be recoverable under this code provision and 29 U.S.C. § 1132(g). The plaintiff seeks to enforce his rights under the plan in question. The plan is an employee benefit plan that appears to be regulated by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*.

18. Defendant Unum Life Insurance Company of America had a duty to pay benefits under the disability insurance coverage for which Plaintiff paid premiums.

19. As set forth previously in this Complaint, Unum wrongfully and unreasonably, and in violation of its obligations under ERISA, denied the Plaintiff's claim for long-term disability benefits.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff demands judgment against Defendant Unum Life Insurance Company of America as follows:

   a. For the sum of all past due long-term disability benefits;

   b. For reinstatement of the Plaintiff's claim to disability benefits under the Plan;

   c. For an award of attorney's fees and expenses;

   d. For interest on all past due benefits;

   e. For such other further or different relief as may be just and proper under 29 U.S.C. § 1132(a)(1)(B).

Done this ____ day of August, 2022.

Respectfully submitted,

Jay E. Emerson, Jr.
Attorney for the Plaintiff
Higgs & Emerson
405 Franklin St.
Huntsville, AL 35801
(256)533-3251(phone)
(256)533-3265(fax)
emerson@higgsandemerson.com

**Copy Served Upon:**

Unum Group d/b/a Unum Life Insurance Company of America
c/o Corporation Service Company Inc
641 South Lawrence Street
Montgomery, AL 36104